# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| CORRY LITTLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 2:21-cv-166 |
| | ) |
| JUSTIN COLE in his official capacity | ) |
| as Parke County Sheriff, | ) |
| | ) |
| Defendant | ) |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY*

### *I. INTRODUCTION*

Plaintiff Corry Little ("Little") is pursuing claims under the Americans with Disabilities Act ("ADA") against his former employer, Defendant Justin Cole, in his official capacity as Parke County Sheriff ("Cole").

### *II. FACTUAL ALLEGATIONS*

1. Mr. Corry Little ("Little") is a resident of Clinton, Vermillion County, Indiana.

2. Sheriff Cole is being sued in his official capacity, as Parke County Sheriff. Little worked as a jail officer at the Parke County Jail from November 2019 until the date of his wrongful termination on October 13, 2020.

3. In approximately July 2020, Little was diagnosed with late/end stage kidney failure and was ordered to begin a course of dialysis by his physician. Little's physician surgically implanted a port so that Little could undergo dialysis on his own (at home, at work).

1

4.     For purposes of his claim under the Americans With Disabilities Act, Little's end stage kidney disease is an actual disability under the ADA, as described recently by a court within our Circuit:

> "Under the ADA, a "disability" includes "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). "Disability" should be construed in favor of broad coverage, and the term "substantially limits" should not demand extensive analysis. 42 U.S.C. § 12102(4)(A), (B); 29 C.F.R. 1630.2(j)(1)(I).  A late-stage disease that allows waste to accumulate in blood and requires surgery and dialysis, plausibly suggests substantial limitations to Winkelman's ability to care for herself and perform manual tasks, as well as substantial limitations to her immune system, digestive track, and circulatory system. See 42. U.S.C. § 12102(2)(A), (B) (listing major life activities and bodily functions); see also *Stedman's Medical Dictionary* 842740 (end stage is "the late, fully developed phase of a disease; e.g., in end-stage renal disease, a shrunken and scarred kidney") (West 2014). Winkelman's diagnosis was serious enough that she doesn't need to provide more facts about the condition, nature, or duration of her limitations at the pleading stage. See 29 C.F.R. 1630, App. § 1630.2(j)(4) ("someone with end-stage renal disease is substantially limited in kidney function, and it thus is not necessary to consider the burdens that dialysis treatment imposes").  Winkelman plausibly alleges an actual impairment. See 42 U.S.C. § 12102(1)(A). For the short time period between Winkelman's post-surgery recovery and second leave of absence, she sufficiently alleges substantial limitations to major bodily functions because she still required dialysis training. See id. By then, Winkelman also had a "record" of impairment because her recent medical history established a substantial limitation in the past. See 42 U.S.C. § 12102(1)(B); 29 C.F.R. 1630, App. § 1630.2(k) (individuals should not be discriminated against because of a history of disability, and a record of impairment is satisfied where evidence establishes that the individual has had a substantially limiting impairment). Winkelman adequately alleges a disability under the ADA."

*Winkelman v. Cont'l Nursing & Rehab. Ctr., LLC*, 2020 WL 5763813 *2 (N.D. Ill. Sept. 28, 2020).  Additionally, Little has been discriminated against because he has a record of disability related to his kidney disease and dialysis.  Finally, Little was discriminated against because his employer regarded him as disabled.

4.     Little was assigned to work twelve hour shifts at the Parke County Jail.  After Little began his dialysis, Little had to find time during his twelve hour shifts to conduct the

dialysis. Little sought accommodation from his employer. Initially, for a period of approximately two months, the Parke County Jail Commander, Ed Roach, refused to permit Little to take breaks to conduct dialysis at work or to accommodate him at all. For a brief time after, Roach allowed Little to clock out[1] and use a conference room to conduct his dialysis. Generally, the process took 30 to 60 minutes. However, Jail Commander Roach and, especially, Little's coworkers became increasingly angry with Little because of his time taken with dialysis and made hostile and insulting comments about Little and his treatment. Coworker harassment of Little for his kidney disease and dialysis increased to the point that Little ceased to take work breaks and conduct dialysis at all during twelve hour shifts. This failure to take a break for dialysis treatment was dangerous to Little's health.

5. Jail Commander Roach began to discriminate against Little in job assignments. For example, Roach told Little he was no longer permitted to transport inmates to hospitals or other jails because of his kidney condition.

6. Jail Commander Roach and Little's coworkers' behavior toward Little and resistance to Little's dialysis at work led Little to complain to Parke County Sheriff Justin Cole and the Parke County Auditor, Laura Fisher, who also performed human resources functions for the Parke County Sheriff's Department. Nothing was done to reprimand the Jail Commander or any of the jailers and nothing was done to assist Little.

7. Little's treating physician scheduled a surgical procedure to implant a new catheter in Little. The surgery was set of Friday October 9, 2020. Little's physician ordered him to undergo an EKG procedure on October 8, 2020 to prepare for the surgery. Little asked Jail

---

[1] Little believes his employer was applying his PTO hours to the breaks Little took for dialysis and was off the clock.

Commander Roach if he could have time off to attend his EKG on October 8, 2020 (which entailed him leaving work a few hours early). Roach told Little he had to obtain a medical note from the EKG provider to excuse the absence. Little complied and brought a doctor's note his next work day (October 12, 2020) confirming that Little had an EKG performed on him on October 8, 2020. Jail Commander Roach was not satisfied with the note itself and said he wanted the note verified and insisted he be permitted to call Union Hospital to find out about Little's treatment. Roach ordered one of his jail sergeants to call the hospital to verify that Little had in fact attended a medical appointment. There was no reason and no legal basis for this Jail Commander Roach to engage in medical inquiries about Little, his disability, or his treatment.

8. On October 13, 2020, Jail Commander Roach called Little in to a meeting and fired him. Roach told Little that he thought Little's doctor's note was "not real" and that he was angry that Little would not let Roach talk to Little's doctor about Little's treatment. Roach went on to tell Little that he was going to create a document saying Little was fired for "poor job performance." This was a lie. Little had no performance problems or any warnings that he was not performing his job well. Little went again to the Parke County Auditor to complain about Roach's discriminatory termination of his employment, but she did nothing to help.

9. Little did good work as a jail officer and met all of his employer's reasonable expectations. Until Little was diagnosed with his need for dialysis, Little's job was in no jeopardy. Little is specifically asserting that the Parke County Sheriff, Justin Cole, in his official capacity and, primarily, acting by and through Jail Commander Ed Roach, violated Little's rights under the Americans With Disabilities Act by the following:

    a. Failure to reasonably accommodate Little's known disability, particularly through its interference with Little's need for mid-shift work breaks to conduct dialysis;

    b.    Unlawful medical inquiries about Little's disease and treatment;

    c.    Disability discrimination in job assignments, treatment at work, harassment and, ultimately termination of employment; and

    d.    Retaliation against Little for his requests for accommodation and his complaints about Jail Commander Roach to superiors based upon Roach's acts of disability discrimination.

10.    Little is and was certainly a qualified individual with disabilities who was able to perform all essential functions of his jail officer job, with or without reasonable accommodation.

11.    The Parke County Sheriff, acting primarily through Jail Commander Ed Roach, very definitely violated the ADA and failed to reasonably accommodate Little's need for dialysis during his work shift.  A failure-to-accommodate claim is grounded in ADA language defining discrimination in part as "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A). To succeed on a reasonable accommodation claim, a plaintiff must show (1) he was disabled, (2) his employer was aware of his disability, and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position. *Basith v. Cook Cty*., 241 F.3d 919, 927 (7th Cir. 2001).

12.    Ultimately, the Parke County Sheriff's Department is guilty and responsible for the breakdown in the ADA-required interactive communication process.  While the initial plan to have Little clock out, use his PTO hours, and conduct dialysis in the jail conference room may have been a reasonable solution and accommodation, the decision to resist, harass and, ultimately, prevent Little from conducting dialysis at work was not reasonable and the refusal to further consider any solution that would enable Little to conduct necessary dialysis while successfully continuing in his job was unreasonable and constitutes an unlawful breakdown in

the ADA interactive communication process. An employer has an "obligation to engage in an interactive process with the disabled individual to determine an appropriate reasonable accommodation." *Mlsna v. Union Pac. R.R. Co.*, 2020 WL 5511988 *8 (7th Cir. Sept. 14, 2020). During such a process, the defendant employer must consider more than just what the plaintiff employee proposes. *EEOC v. Sears*, 417 F.3d at 807 (noting an employer's duty to work with employee to "craft a reasonable accommodation"). A proposed accommodation is not limited to what the plaintiff introduced into the process. *Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779, 786-787 (7th Cir. 2016) (employer must do more than "s[i]t on its hands" when employee requests accommodation).

13. Jail Commander Roach's insistence that arrangements be made for him to talk to Little's health care providers was 1) illegal under the ADA, and 2) not based upon any need or business necessity related in any way to Little's job duties. Moreover, Roach already had the note from Little's EKG provider confirming the October 8, 2020 appointment. The ADA provides that an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature and severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A); *See Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221, 1230-31 (10th Cir.1997).

14. As described above, the Parke County Sheriff, acting through Jail Commander Roach, discriminated against Little, particularly in job assignments, harassed Little about his kidney disease and need for dialysis, and ultimately terminated Little because of his disability.

15. Finally, the ADA recognizes retaliation claims. Before Roach fired Little, Little

had gone to the Parke County Sheriff, Justin Cole, and the Parke County Auditor to complaint about Little's discrimination and to request help. Help was not provided, but Little was fired shortly after engaging in that protected activity.

16. Little has been significantly harmed by the Parke County Sheriff's discriminatory termination of his employment. He is seeking all lost wages and benefits, reinstatement or front pay and benefits, and all compensatory and punitive damages, including compensatory damages for mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and all pecuniary damages. Little is also seeking payment of all of his reasonable attorney's fees, costs and expenses.

### III. JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 as Little's claims under the ADA raise federal questions of law.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because of the unlawful conduct alleged below was committed in the Southern District of Indiana. More specifically, this case is properly assigned to the Terre Haute Division of the U.S. District Court for the Southern District of Indiana because Cole employed Little to work in the Parke County, Indiana Sheriff's Department.

### IV. ADMINISTRATIVE PROCEDURES

19. Little has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Notice of Right to Sue from the Equal Employment Opportunity Commission which was dated March 31, 2021.

### V. AMERICANS WITH DISABILITIES ACT AMENDMENT ACT OF 2008 CLAIMS

20. Little incorporates herein by reference paragraphs 1 through 19 above.

21. Cole knowingly and intentionally discriminated against Little in violation of the Americans with Disabilities Act Amendments Act of 2008.

22. Cole's violations of Little's ADA rights included, but are not limited to, the following:

    a. Failure to reasonably accommodate Little's known disability, particularly through interference with Little's need for mid-shift work breaks to conduct dialysis;

    b. Unlawful medical inquiries about Little's disease and treatment;

    c. Disability discrimination in job assignments, treatment at work, harassment and, ultimately termination of employment; and

    d. Retaliation against Little for his requests for accommodation and his complaints about Jail Commander Roach to superiors based upon Roach's acts of disability discrimination.

23. Cole, in his official capacity as Parke County Sheriff, is an employer as defined under the ADA, with fifteen or more employees working for it at all times relevant to this cause of action.

24. Little is a qualified individual with a disability who is capable of performing all essential functions of his job, with or without reasonable accommodation. Little is expressly asserting and alleging that his late/end stage kidney failure constitutes a covered disability under the ADA, as Little's injuries substantially limit him in multiple major life activities including limitations to his immune system, digestive track and circulatory system.

25. Additionally, Cole terminated Little and discriminated against him based upon

Cole's regard of Little as being disabled.

26. Cole terminated Little rather than engage with him in the interactive communication process required under the ADA.

27. Cole discriminated against and terminated Little for having engaged in protected activity, to wit, making known his disabilities, and need for accommodation to conduct his dialysis.

28. Prior to his termination from employment, Little performed his job duties well and met his employer's reasonable expectations.

29. Little's disabilities improperly motivated Cole's decision to discharge him from employment. Such wrongful actions on Cole's part violate Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a and the Americans With Disabilities Amendments Act of 2008.

30. Cole failed and refused to make reasonable accommodations to Little's known and/or perceived physical limitations, in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12112(b)(5)(A). The effect of Cole's conduct has been to deprive Little of equal employment opportunities and to deprive him of the same rights as are enjoyed by other citizens.

31. As a direct and proximate result of Cole's conduct, Little has sustained substantial economic losses, including past and future wage losses, and other economic benefits. Little has also sustained the loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, career damage, mental and emotional distress, discomfort, and loss of enjoyment of life, all to his detriment and damage in amounts not fully ascertained. Further,

as described hereinabove, Cole acted oppressively, maliciously, fraudulently and outrageously toward Little, with conscious disregard for Little's known rights and with the intention of causing unjust and cruel hardship to Little.  In acting in a deliberate and intentional manner, Cole intended to and did injure and annoy Little.  Little is seeking punitive damages against Cole for its violations of the ADA.

32. As a result of Cole's discriminatory practices, Little has found it necessary to retain the services of an attorney and is therefore entitled to his reasonable attorney's fees, costs and expenses in this matter.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Corry Little respectfully requests that the Court enter judgment against Defendant Sheriff Cole and issue all available relief to him, including, but not limited to, the following:

1. All damages available under the ADA, including all back pay and benefits, all available compensatory and punitive damages, reinstatement and/or front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84

        100 Cherry Street
        Terre Haute, IN 47807
        (812) 232-9691
        Facsimile: (812) 234-2881
        kondras@hkmlawfirm.com

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Corry Little, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

        Respectfully submitted,

        HASSLER KONDRAS MILLER LLP


        By  /s/Robert P. Kondras, Jr.
            Robert P. Kondras, Jr.
            Attorney No. 18038-84
            100 Cherry Street
            Terre Haute, IN 47807
            (812) 232-9691
            Facsimile: (812) 234-2881
            kondras@hkmlawfirm.com